NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0312n.06

Case No. 25-1749

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jul 17, 2026<br>KELLY L. STEPHENS, Clerk |
| Plaintiff - Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| ANTHONY ZIGLER, | ) | |
| Defendant - Appellant. | ) | OPINION |

BEFORE: DAVIS, MATHIS, and RITZ, Circuit Judges.

**RITZ, Circuit Judge.** A jury convicted Anthony Zigler of assault with a dangerous weapon in aid of racketeering. The district court sentenced him to 108 months in prison. Zigler now argues that the government presented insufficient evidence to support the conviction and that his sentence was procedurally and substantively unreasonable. We affirm.

## BACKGROUND

This case is part of a larger racketeering prosecution involving the Almighty Vice Lord Nation (AVLN) gang. Zigler was an AVLN member. While incarcerated, Zigler stabbed another AVLN member named Frank Williams fifteen times, leaving Williams with a collapsed lung. The government believed that Zigler carried out the attack to punish Williams for claiming false rank within AVLN, and to elevate or maintain Zigler's own rank within AVLN. So the government charged Zigler with assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3).

The government's theory was that Zigler attacked Williams because Williams disrespected AVLN's chain of command. Within the correctional facility, Zigler acted as the "number 2" to an AVLN leader known as Gold. RE 2468, Trial Tr., PageID 36301. Apparently, Williams had been "talking shit to [Gold]," "disrespect[ing]" Gold, and claiming false AVLN rank. *Id.* at PageID 36308-09. Under AVLN code, respect was paramount and "[d]isrespect" would not be "tolerated" "[u]nder [any] circumstance[s]." RE 2466, Trial Tr., PageID 35973; *see also* RE 2464, Trial Tr., PageID 35595. And as Gold's number two, Zigler was expected to "have Gold['s] back" and do something about Williams's displays of disrespect. RE 2468, Trial Tr., at PageID 36309.

Prior to the stabbing, Zigler told AVLN leaders on a recorded call that he "want[ed] to 21 this brother, [Williams]," RE 2467, Trial Tr., PageID 36068-69, because "he['s] in my way," RE 2468, Trial Tr., PageID 36313. To "21" someone can mean either to terminate someone or to get someone out of the way, depending on the context. A witness testified that Zigler wanted to stab Williams because Williams was interfering with Zigler's AVLN role or plans. That same witness also testified that Zigler "was trying to get his line clean," or, in other words, to make his AVLN chain of command legitimate. RE 2467, Trial Tr., PageID 36246. Additionally, Zigler wrote to other AVLN members about his desire to "burn," or in other words "stab," Williams "in front of the other [AVLN members]." RE 2468, Trial Tr., PageID 36307.

For his part, Zigler suggested that the attack was related to a personal dispute. He pointed to a recorded conversation in which he stated that his issue with Williams was "a me [and] him [thing]," rather than an AVLN thing. RE 2467, Trial Tr., PageID 36112.

The jury convicted Zigler. Zigler filed a motion for acquittal based on insufficient evidence, but the district court denied his motion.

At sentencing, and over Zigler's objection, the district court agreed with the presentence report that Zigler's base offense level should be 27 based on a cross-reference to assault with intent to commit murder. This base offense level, combined with a two-point enhancement for serious bodily injury to the victim and a criminal history category of III, produced a United States Sentencing Guidelines range of 108 to 135 months in prison. Zigler, who represented himself at sentencing, requested a downward departure and variance based on several factors, such as the decades Zigler spent living in a difficult prison environment, systemic discrimination, mental health issues, and his family's circumstances. But the court denied Zigler's request and sentenced Zigler to 108 months' incarceration—the minimum recommended sentence under the guidelines.

Zigler timely appealed.[1]

## ANALYSIS

### I.  Zigler's sufficiency claim fails.

Zigler argues that the district court erred in denying his motion for acquittal under Federal Rule of Criminal Procedure 29. We disagree.

We review a district court's denial of a Rule 29 motion de novo. *United States v. Robinson*, 99 F.4th 344, 353 (6th Cir. 2024). When considering the sufficiency of the evidence, we "view[] the evidence in the light most favorable to the government" and ask whether "any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *Id.* (citation

---

[1] On appeal, Zigler submitted several pro se filings to the court, including a supplemental pro se brief. But Zigler is represented by counsel on appeal, and "we usually don't consider supplemental pro se arguments from a represented defendant." *United States v. Richards*, 164 F.4th 508, 523 (6th Cir. 2026). So we decline to address Zigler's additional filings, especially given that "his supplement" generally argues "issues that his attorney already discussed in his existing briefs." *Id.*; *see also United States v. Dunnican*, 961 F.3d 859, 882 (6th Cir. 2020). To the extent that Zigler claims ineffective assistance of counsel in his pro se filings, the proper vehicle for that claim is a collateral attack under 28 U.S.C. § 2255. *United States v. Kenny*, 505 F.3d 458, 462 (6th Cir. 2007).

modified). "We must draw all available inferences . . . in favor of the jury's verdict." *Id.* (citation modified).

Federal law makes it a crime to commit a violent crime in aid of racketeering activity—otherwise known as VICAR. 18 U.S.C. § 1959. The government must prove five elements to convict under this statute: (1) that the organization in question was a "racketeering enterprise"; (2) that the organization "engaged in racketeering activity"; (3) that the defendant "had a position in the enterprise"; (4) that the defendant "committed the alleged crime[] of violence"; and (5) that his general purpose in committing the crime "was to maintain and increase his position in the enterprise." *United States v. Baskerville*, 164 F.4th 459, 472 (6th Cir. 2026) (citation modified). On appeal, Zigler disputes only the fifth element.

The government presented sufficient evidence for a reasonable trier of fact to find that Zigler committed the assault to maintain and increase his position in the enterprise. Zigler was a member of AVLN. And the government presented a taped conversation of Zigler telling AVLN leaders that he wanted to stab Williams because Williams was disrespecting the AVLN chain of command. A witness corroborated this conversation. The government also presented evidence that Zigler would have been expected to punish Williams for stepping out of line. This evidence included written communications from Zigler to AVLN leaders stating that Williams was in Zigler's way and Zigler wanted to stab him.

Zigler's rebuttal arguments are unavailing. Contrary to Zigler's suggestion, Zigler did not have to receive any tangible benefit for the purpose element to be satisfied. *See United States v. Woods*, 14 F.4th 544, 557 (6th Cir. 2021) (noting that maintaining status in a gang can be the motivating purpose of a VICAR crime where the crime "was sanctioned by the gang" or the defendant "knew it was expected of him as a member [of the gang]" (citation omitted)). And,

given the evidence presented by the government, a rational trier of fact could have rejected Zigler's claim that the attack was simply a personal disagreement. *See Robinson*, 99 F.4th at 353-54 (noting that evidence "sufficient to sustain a conviction . . . need not remove every reasonable hypothesis except that of guilt" (citation omitted)).

Based on the government's evidence, a rational trier of fact could find that Zigler stabbed Williams to maintain his rank within AVLN.

## II. Zigler's sentencing challenges also fail.

Zigler argues that his sentence was both procedurally and substantively unreasonable. "We review claims of both procedural and substantive unreasonableness for an abuse of discretion, although we review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019).

### A. Zigler's sentence was procedurally reasonable.

Zigler argues that his sentence was procedurally unreasonable because the district court miscalculated the guidelines range by applying a cross-reference to assault with intent to murder. *See United States v. Allen*, 93 F.4th 350, 355 (6th Cir. 2024) (failure to "properly calculate the guidelines range" makes a sentence procedurally unreasonable (citation omitted)). We disagree.

For VICAR crimes, the guidelines direct sentencing courts to apply the greater of either a base offense level of 12 or the base "offense level applicable to the underlying crime." U.S.S.G. §2E1.3. Zigler argues that, based on his conviction for assault with a dangerous weapon in aid of racketeering, his underlying crime was aggravated assault, which carries a base offense level of 14, *id.* §2A2.2(a), not assault with intent to murder, which carries a base offense level of 27, *id.* §2A2.1(a)(2).

"To apply [an] attempted-murder cross-reference, a district court must . . . find by a preponderance of the evidence that the defendant possessed the specific intent to kill." *United States v. Miller*, 73 F.4th 427, 430 (6th Cir. 2023) (citation modified). And a district court's preponderance-of-the-evidence factual finding "is not clearly erroneous so long as the finding is plausible in light of the record viewed in its entirety." *Id.* (citation modified). So we will not reverse unless we are "left with the definite and firm conviction that the district court made a mistake." *United States v. Mills*, 126 F.4th 470, 474 (6th Cir. 2025) (citation omitted).

Here, the deferential clear-error standard requires us to affirm because the evidence plausibly supports the district court's finding that Zigler acted with intent to commit murder. Admittedly, the district court's findings on the intent element of the cross-referenced offense were brief and somewhat equivocal. But to warrant reversal, we must find that the district court's factual findings were implausible in light of the entire record. *See United States v. Rios*, 830 F.3d 403, 440 (6th Cir. 2016) ("Even if the district judge does not make detailed findings as to the[] supporting facts [for the cross-reference, we] need not remand the case; we may look to the record." (citation modified)).

On this record, the district court's intent-to-murder finding was at least plausible. The government presented evidence that Williams disrespected Zigler's AVLN chain of command and that Zigler wanted to punish Williams for his disrespect. Zigler then stabbed Williams fifteen times across his head, neck, arms, torso, and hips, leaving Williams with a collapsed lung. The district court, having watched video of the assault, deemed the attack "awful." RE 2621, Sent. Tr., PageID 40267. In any event, the nature and context of the assault make it at least plausible that Zigler acted with the intent to murder Williams. As we reasoned in *Rios*, "specific intent to kill may be inferred from [a defendant's] decision to stab [a victim] in the chest," resulting in "a

partially collapsed lung" that "could have been life-threatening." *Rios*, 830 F.3d at 441-42; *cf. United States v. Reverand*, No. 23-6078, 2025 WL 637438, at *5 (6th Cir. Feb. 27, 2025) ("Specific intent [to murder] may be inferred from [the defendant] firing his gun, aimed at the vehicle filled with people[,] repeatedly[,] . . . such that his bullets could have hit any of them." (citation modified)). Zigler cannot show that the district court clearly erred in applying the cross-reference.

**B.      Zigler's sentence was substantively reasonable.**

Zigler also argues that his sentence was substantively unreasonable because the district court failed to properly weigh several factors under 18 U.S.C. § 3553(a). In particular, he argues that the district court should have granted a variance based on his mental health, family circumstances, past prison trauma, systemic discrimination, and lessened need for deterrence or public protection. We disagree.

A defendant's substantive-unreasonableness claim is essentially a claim that the sentence is "too long." *United States v. Gates*, 48 F.4th 463, 477 (6th Cir. 2022) (citation omitted). "A sentence is substantively unreasonable when the district court "place[s] too much weight on some of the § 3553(a) factors and too little on others." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). But "[a] sentence within the Sentencing Guidelines range is presumptively reasonable." *United States v. Johnson*, 95 F.4th 404, 418 (6th Cir.), *cert. denied*, 144 S. Ct. 2619 (2024). And "[w]e will not overturn a sentence just because we would balance the factors differently than the district court did." *United States v. Brown*, No. 22-5010, 2022 WL 17336091, at *4 (6th Cir. Nov. 30, 2022) (citing *United States v. Gardner*, 32 F.4th 504, 532 (6th Cir. 2022)).

Here, the district court issued a low-end guidelines sentence that accounted for the § 3553 factors Zigler notes on appeal. For example, the district court accounted for Zigler's mental health and past trauma, stating: "I do have some concerns that you may be in need of some therapeutic

assistance . . . [based on] the things that you saw and experienced. And so I'm going to provide a sentence that also accounts for that." RE 2621, Sent. Tr., PageID 40266. The court further considered Zigler's decades in custody and the fact that Zigler had "already served some time for [the stabbing]." *Id.* at PageID 40268. And it considered Zigler's "desire to be a present and an active father" and noted that Zigler's family "needed" him. *Id.* at PageID 40265. Regarding deterrence and public safety, the district court pointed out that Zigler "did not do well [on bond]" and "pose[d] a risk to a specific individual in the community." *Id.* at PageID 40267. In addition, the district court considered Zigler's systemic claims, noting that it would not "discount racism or institutionalized racism" in sentencing Zigler. *Id.* at PageID 40268. The district court also found, however, that several factors—the brutality of Zigler's offense, Zigler's apparent lack of remorse, and his role in AVLN—cut against Zigler.

The district court simply weighed the factors differently than Zigler would have liked. But that alone does not warrant reversal. *United States v. Sexton*, 894 F.3d 787, 797 (6th Cir. 2018) ("The manner in which a district court chooses to balance the applicable sentencing factors is beyond the scope of the Court's review." (citation modified)). We find no abuse of discretion here.

## CONCLUSION

For these reasons, we affirm.